UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BCCTC ASSOCIATES VI, INC., <br> as general partner of <br> BCCTC ASSOCIATES VI <br> LIMITED PARTNERSHIP <br> as general partner of <br> BOSTON CAPITAL CORPORATE <br> TAX CREDIT FUND VI, A LIMITED <br> PARTNERSHIP, <br> BOSTON CAPITAL CORPORATE <br> TAX CREDIT FUND VI, A LIMITED <br> PARTNERSHIP, <br> BCCC, INC., individually <br> and on behalf of <br> CHESTERFIELD GLEN, L.L.C., and <br> CHESTERFIELD GLEN, L.L.C., <br>         Plaintiffs, <br><br> v. <br><br> ASPEN CHESTERFIELD CORP., <br> CRAIG A. LONGSTRETH, and <br> DOUGLAS R. McCLOUD, <br>         Defendants. | Civil Action No. 04-11030-RCL |

### DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER THE PROCEEDINGS

Defendants Aspen Chesterfield Corporation ("Aspen") Craig A. Longstreth, and Douglas R. McCloud (together "Defendants") hereby move to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) this action which was originally filed in Suffolk Superior Court on April 16, 2004 and removed by Defendants to this Court on May 21, 2004. In the alternative, this Court should transfer the Massachusetts action to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a). In support hereof, Defendants state as follows:

1. There is no basis for personal jurisdiction over Defendants under the Massachusetts Long Arm Statute;

2. Assuming that the requirements under the Massachusetts Long Arm Statute are satisfied, personal jurisdiction over Defendants does not satisfy the due process requirements of the Fourteenth Amendment; and

3. Even if personal jurisdiction exists in Massachusetts, this action should be transferred, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of Michigan.

In support of this motion, Defendants submit a Memorandum of Law, the Affidavits of Craig A. Longstreth and Douglas R. McCloud along with a volume of exhibits referenced by the Affidavits.

## REQUEST FOR ORAL ARGUMENT

Defendants hereby request that this Court hear oral argument on this motion, as it will assist the Court in rendering a decision on this matter.

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1 (A)(2), undersigned counsel certifies that prior to filing the instant Motion, Defendants' counsel conferred with Plaintiffs' counsel and attempted in good faith, but without success, to resolve the matters in issue.

ASPEN CHESTERFIELD CORPORATION,
CRAIG A. LONGSTRETH, AND
DOUGLAS R. McCLOUD
By their attorneys,

_____
David E. Lurie, BBO #542030
Sara A. Laroche, BBO #652479
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109
Telephone: (617) 367-1970

Dated: June 30, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2004, a true copy of the above document was served by hand on Sigmund J. Roos, Field & Roos, LLP, 60 State Street, 38th Floor, Boston, MA 02109.

_____
David E. Lurie