# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BCCTC ASSOCIATES VI, INC.,<br>as general partner of<br>BCCTC ASSOCIATES VI<br>LIMITED PARTNERSHIP<br>as general partner of<br>BOSTON CAPITAL CORPORATE<br>TAX CREDIT FUND VI, A LIMITED<br>PARTNERSHIP,<br>BOSTON CAPITAL CORPORATE<br>TAX CREDIT FUND VI, A LIMITED<br>PARTNERSHIP,<br>BCCC, INC., individually<br>and on behalf of<br>CHESTERFIELD GLEN, L.L.C., and<br>CHESTERFIELD GLEN, L.L.C.,<br>        Plaintiffs,<br><br>    v.<br><br>ASPEN CHESTERFIELD CORP.,<br>CRAIG A. LONGSTRETH, and<br>DOUGLAS R. McCLOUD,<br>        Defendants. | Civil Action No. 04-11030-RCL |

## AFFIDAVIT OF CRAIG A. LONGSTRETH

I, Craig A. Longstreth, on oath depose and say as follows:

1.     My name is Craig A. Longstreth. I submit this Affidavit in support of Defendants' Motion to Dismiss or Transfer the Proceedings. I am fully familiar with and competent to testify to the facts set forth below.

2.     I reside at 11 Reynoldsberg-New Albany Road, Blacklick, Ohio, 43004. My business address is 1010 Jackson Hole Drive, Suite 200, Blacklick, Ohio, 43004. I am a principal and Vice President of Aspen Chesterfield Corp. ("Aspen"). Aspen is an Ohio

Chesterfield Glen and the Project were located and where Aspen was authorized to do business. It was also my understanding that my personal obligations under the Guaranty were also to be performed in Michigan.

8.      In 2004, Boston Capital, individually and on behalf of Chesterfield Glen, filed this lawsuit against Aspen, McCloud and me. In their Complaint, Plaintiffs allege that Aspen improperly diverted $180,000 of Chesterfield Glen's funds in violation of the Operating Agreement and that such diversion breached Aspen's fiduciary duties. Chesterfield Glen is named as a Plaintiff and is alleged to have suffered harm because of Defendants' actions. The Complaint specifically claims that the funds allegedly diverted by Defendants belong to Chesterfield Glen. Oakwood, also a Michigan entity, is named as an "involved" entity, but not as a party. The Complaint also asserts claims against me and McCloud individually under the Guaranty. Although Kostosky and Moulton also signed the Guaranty, the Complaint does not assert any claims against them for breach of the Guaranty.

9.      It would be substantially inconvenient for me to travel from Ohio to Massachusetts in connection with any litigation of this matter. It also would be substantially inconvenient for other witnesses who are located in Michigan. Transfer of this case to Michigan would obviate this significant inconvenience for the Michigan-based witnesses, and would also lessen, although not eliminate, the inconvenience for those witnesses located in Ohio, including me, McCloud, Aspen's Keeper of Records, as well as Chesterfield Glen's auditors and attorney Steven Gentry (both of whom reside and work in Ohio).

3

Signed under the pains and penalties of perjury this 28th day of June 2004.

Craig A. Longstreth